IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3025-D

| | | |
|---|---|---|
| MARTIN ALVA CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT C. LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On March 5, 2010, Martin Alva Crawford, a state inmate, filed this action under 42 U.S.C. § 1983 [D.E. 1]. Crawford seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2]. On April 1, 2010, the court reviewed the complaint pursuant to 28 U.S.C. § 1915, allowed the action to proceed [D.E. 4], and the clerk directed North Carolina Prisoner Legal Services ("NCPLS") to investigate Crawford's claims [D.E. 5-6]. On June 22, 2010, NCPLS filed a response to the order of investigation, indicating that it had investigated Crawford's claims and determined that appointment of counsel was not warranted [D.E. 15].

On July 21 and September 16, 2010, defendants answered the complaint [D.E. 20, 43]. On August 2 and 18, 2010, Crawford filed motions to appoint counsel [D.E. 22, 25]. Crawford has also filed numerous discovery requests [D.E. 23-24, 27-39]. On September 16, 2010, defendants moved for a protective order [D.E. 40]. On September 22, 2010, Crawford filed another motion to appoint counsel [D.E. 44]. On September 24, 2010, defendants moved to dismiss the complaint [D.E. 45]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Crawford about the motion to dismiss, the consequences of failing to respond, and the

response deadline [D.E. 48]. On September 27, 2010, Crawford responded in opposition to the motion for protective order [D.E. 49–50]. On October 14, 2010, Crawford responded in opposition to the motion to dismiss [D.E. 52–53], filed another motion to appoint counsel [D.E. 55], and moved to seal documents [D.E. 56]. On December 22, 2010, Crawford filed another motion to appoint counsel [D.E. 57] and a motion for temporary restraining order [D.E. 58]. As explained below, the court grants defendants' motion for protective order [D.E. 40], grants in part defendants' motion to dismiss [D.E. 45], and denies plaintiff's motions [D.E. 22, 25, 44, 55–58].

I.

Crawford is incarcerated at Lanesboro Correctional Institution. See N.C. Dep't of Corr. Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID =0779401 (last visited Feb. 8, 2011). Crawford alleges that he is a paraplegic, and confined to a wheelchair. Compl. at 5. According to the allegations in the complaint, between July 21 and 22, 2009, Crawford was transported by correctional officers from Central Prison in Raleigh to Alexander Correctional Institution ("ACI") in Taylorsville, North Carolina. Id. "Before leaving Central Prison Plaintiff was snatched down from the standing position from the top steps of the transport van backwards causing his back to get injured on the arm of the wheelchair and then fell all of the way to the concrete landing." Id. at 6. "Plaintiff was also dragged on [the] floor board of the van while handcuffed behind the back, [with] his body weight pressing down on his binding wrist hands and twisted arms . . . [and then] lifted up and [dropped] back down on his hands wrist twisted arms, [and] dragged by the leg cuffs-n-chain [sic] . . . ." Id. In the transport van, Crawford was "handcuffed behind his back in such position of the binding tight cuffs, arms twisted, bleeding," which caused "excruciating pain" during the ride to ACI. Id.

2

At ACI, Crawford was "lifted up by the same tightly cuffs that were cutting into his wrist arms twisted locked into the very painful position by the officials of the Pert team of A.C.I." Id. at 7. Crawford "was taken to segregation unit and put in cell #13 and deprived of his wheelchair [and] could not stand or walk after being hurt so badly" and therefore could not use the toilet or "get to the food trap in the cell door to get food for two days." Id. Crawford names as defendants Division of Prisons Director Robert C. Lewis, Secretary of Correction Alvin W. Keller, Central Prison Warden G.J. Branker, ACI Superintendent Keith Whitener, ACI Officers Sanders, Ellison, Huffman, Garrison, and Buck, and Central Prison Captain Johnson, Sergeant Gonzales,[1] and Officer Crudup.[2] Id. at 2–4.

Defendants seek dismissal on two grounds. First, the correctional officer defendants (Sanders, Ellison, Huffman, Garrison, Buck, Johnson, Gonzales and Crudup) assert that Crawford's allegations against them "are vague and do not describe with particularity specific actions of individual defendants." Mem. Supp. Mot. Dismiss at 2. Second, the supervisory defendants (Keller, Lewis, Whitener, and Branker) assert that Crawford has not shown that they are liable for any the acts of which he complains. Id.

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano

---

[1] Crawford spells this defendant's name as "Gungzalas." Compl. at 4. In his answer to the complaint, this defendant identifies himself as "Danny Gonzales." Answer, ¶ H.

[2] Crawford spells this defendant's name as "Cruddock." Compl. at 4. In his answer to the complaint, this defendant identifies himself as "David Crudup." Answer, ¶ I.

3

v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

As for the correctional officer defendants, Crawford's claim against these defendants is legally and factually sufficient. Under Federal Rule of Civil Procedure 8(a), a complaint must provide, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must allege sufficient facts to show that it is "plausible" that the pleader is entitled to relief. Twombly, 550 U.S. at 570. Crawford has identified the date and circumstances of the alleged events and named specific correctional officers at both Central and ACI that he claims were involved in the events. Thus, Crawford's allegations sufficiently put these defendants on notice of the claims against them. In light of the governing legal standard, the correctional officer defendants' motion to dismiss is denied.

As for the supervisory defendants, Crawford fails to state a claim. Crawford attempts to proceed against them in their supervisory capacity. Indeed, he acknowledges that they were not "physically involved" in the events of which he complains, but contends they were "grossly negligent in managing the people they are supposed to supervise" and "failed to make sure the subordinates who cause[d] plaintiff's very serious injuries . . . were properly trained regarding constitutional rights." Mem. Opp. Mot. Dismiss at 2, 6. The doctrine of respondeat superior generally does not

4

apply to a section 1983 action. See, e.g., Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978); Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir.1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir.1994). Because Crawford has failed to state a claim against the supervisory defendants, the court grants the motion to dismiss as to these defendants.

Next, the court addresses defendants' motion for a protective order [D.E. 40]. Defendants seek a protective order from discovery because they have raised the defense of qualified immunity. Mem. Supp. Mot. Prot. Order at 1. Crawford objects to any stay of discovery, arguing that he needs discovery to support his claims. Mem. Opp. Mot. Prot. Order at 1.

A ruling on a defendant's claim of qualified immunity should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Pearson v. Callahan, 129 S. Ct. 808, 815 (2009). The defense of qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see Harlow v. Fitzgerald, 457 U.S. 800, 817–18 (1982). Accordingly, defendants are entitled to resolution of their defense of qualified immunity before being subject to the burdens of litigation, including discovery. See, e.g., Anderson v. Creighton, 483 U.S. 635, 640 n.2 (1987); Harlow, 457 U.S. at 817–18; Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished). Therefore, the court grants defendants' motion for a protective order.

Next, the court addresses Crawford's motion for a temporary restraining order [D.E. 58]. The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if

5

the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008). In Winter, the Supreme Court rejected the Fourth Circuit's "standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reinstated in relevant part, 607 F.3d 355 (4th Cir. 2010).

Crawford has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. Thus, Crawford has failed to meet his burden of proof. Accordingly, the court denies Crawford's motion for a temporary restraining order [D.E. 58].

Next, the court addresses Crawford's motion to seal [D.E. 56]. Crawford has not identified any documents that he wishes to seal, or provided any basis for sealing anything. Accordingly, the court denies the motion to seal [D.E. 56].

Finally, the court addresses Crawford's motions to appoint counsel [D.E. 22, 25, 44, 55, 57]. There is no right to counsel in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. Crawford's claims are straightforward, and the case does not

6

present exceptional circumstances. Moreover, Crawford presents his claims proficiently. Crawford has failed to establish any exceptional circumstances, therefore the court denies Crawford's motions to appoint counsel [D.E. 22, 25, 44, 55, 57].

II.

In sum, the court GRANTS defendants' motion for protective order [D.E. 40]. The court GRANTS IN PART defendants' motion to dismiss [D.E. 45], and defendants Keller, Lewis, Whitener, and Branker are DISMISSED from this action. Plaintiff's claims against defendants Sanders, Ellison, Huffman, Garrison, Buck, Johnson, Gonzales and Crudup remain. The court DENIES plaintiff's motions [D.E. 22, 25, 44, 55–58].

SO ORDERED. This 8 day of February 2011.

JAMES C. DEVER III
United States District Judge